I'll proceed. Good morning, your honors, and may it please the court. My name is Brianna Mircheff and I represent Vincent Sanchez in this case. I intend to reserve about three minutes of my time for rebuttal, but I'll watch my own clock. Your honors, this case presents a single question, which is whether Borden requires this court to revisit its prior holdings, the California assault satisfies the elements clause of the crime of violence definition. Borden is clearly irreconcilable with this court's prior holdings, because it says that a state only satisfies that standard if it requires force targeted or aimed at We never confronted the issue raised in Borden. In other words, we didn't previously say recklessness was enough to to commit assault with a firearm or assault with a deadly firearm. We just simply didn't address the issue. So I think it's fair to say Borden requires us to determine whether the California statute has as an element, direction of your conduct towards another. We never held that it didn't. We never rejected the argument that it did. So help us because I think this is rather than a case where our previous cases were clearly wrong, a case in which we just didn't address the issue that Borden brings up. So tell me why California law doesn't meet the guideline requirement that it be directed towards another. Sure. So I think putting the definition in the language from Williams side by side clearly demonstrates that California assault does not satisfy that standard. Borden says that the elements clause requires conduct directed at or targeting another individual. Williams says that the intent required for assault is only the intent to commit an act. No, that's the intent. That's see that that's why I'm having difficulty with your argument where I need your help. Williams says you don't need specific intent to assault someone. You just need the specific attempt to commit the act. But Williams also says, I'm trying to quote the language, that you need an intentional act and actual knowledge of those facts sufficient to establish the rest of the thing. So focus for a moment on an actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another. That's the language that concerns me. And if you have actual knowledge that what you're doing will probably and directly result in the application of force against another, doesn't that meet the guideline requirement? As Williams says, the natural and probable consequences test is an objective standard. So directly after the language that your honor quoted, the court restates its rule, right? It says, in other words, a defendant is must be aware of facts that would lead a reasonable person to perceive that a battery is likely to occur. That statement is then quickly followed by the reminder that no subjective knowledge or consciousness of the risk is required. And that even if a defendant honestly believes that a battery will not result, his conduct is still an assault. And so that's what I think is inconsistent He doesn't need to understand the legal consequences of his conduct. All he needs to understand as I read Williams is that his conduct is directed, it will probably and directly result in the application of force against another. If a defendant understands that, even though he doesn't think it's assault, even though he doesn't think it will hurt him, doesn't that meet the probably and directly will result is a term of art. It's the California's objective reasonable person test, right? And because it becomes the standard only requires knowledge of facts, without subjective awareness of risk, that is inconsistent with what Borden has said. Tell me how Borden deals with subjective awareness of risk. See, as I read Borden, it says recklessness is not enough. So the mere fact that I think I may be creating a risk to public at large by drunk driving or doing whatever may not be enough. But my conduct must be targeted towards another person. And as I read the California, as I read the California Supreme Court decision, which of course is not trying to match up with the guidelines, it says you have to know that your conduct is is directed at another person and it will probably result in harm to it. Well, here's the contrast, right? So Borden restate this rule this way, that it requires a deliberate choice with full awareness of consequent harm. Compare that to the California Supreme Court decision in Wyatt. So why it was the play wrestling case, right? The case where the father was wrestling with his son and resulted in a battery of his son. In that case, the California Court of Appeal said, we're going to vacate the conviction because we don't think he had actual knowledge that what he was doing was risky at all. Supreme Court said that is simply not the test that we have ever stated. It's not the test from Williams. It doesn't matter if as were the facts of that case, that the defendant was sitting there saying, I can't believe I don't understand how this could have possibly happened. His subjective awareness of what he was doing has no relevance to whether he's guilty of assault or not, because a reasonable person would have understood that that was a risk, that that was risky behavior. And I think this follows in all of these cases, right? The driving through a red light, believing that that other car was going to stop. The case of Starling where the guy thought he could squeeze through between the police car and the curb. The drunk driver in rainbows certainly wasn't targeting or aiming her conduct at the back of the house. These fact patterns prove that California standard does not require the kind of deliberate targeting of the use of force. I don't know if that addressed the question or not. Well, I know I understand your argument. What I'm having trouble with is the language of Williams, which seems to require that you have actual knowledge that the act by its nature will probably indirectly result in application of physical force against another. And it's that language all taken together that seems to me to clear is what I understand. You're right. You've responded to my question. Okay. I think these two aren't incompatible, right? But California has set a lower standard for its own prosecutors. Prosecutors do not have to prove that there's actual risk. By doing that, it doesn't permit a defendant to come in and say, well, yeah, a reasonable person would have understood that that was risky. But this court is bound by California's statement of the rule. So is it your position that under California law, we're breaking up a little bit. Can you hear me? Ms. Merchick, you're breaking up. I think it's your internet's breaking up. I'm so sorry. We missed the last sentence. Yes, I'm getting a note. I'm trying to understand your position. I don't know where I cut out. But under California law, it would be a defense to an assault charge to say, gee, I didn't think pointing the gun at someone would scare him. No. I think the case of Wyatt is the clearest on this. It says when California's lower court vacated the conviction, it said, well, he wasn't actually aware that there was any risk. He wasn't actually aware that a battery would result from misconduct. Because he didn't have actual knowledge of the fact that his son was 14 months old and the fact that he was play wrestling with him. The California Court of Appeal tried to say he had to also have actual knowledge that this could result in a battery of his son, that this would be risky to his son. California Supreme Court said, no, that's not the test that this court stated in Williams, because no subjective awareness is required. I'm going to reserve the balance of my time if I could. All right. Thank you, Ms. Murchiff. Let's see. Mr. Bala, please. Thank you, Your Honor, and may it please the court. This court is bound by its prior decisions about Section 245, and the Supreme Court's recent decision in Borden doesn't change that. Now, I want to begin what you were discussing, Judge Hurwitz, about Williams's formulation of 245's mens rea. This court in Heron-Salinas, Grajeda, and Vasquez-Gonzalez all concluded that assault under 245 requires intentional conduct, namely an intent to commit a battery. You spent a lot of your discussion talking about Williams's final formulation of 245's mens rea, but I think what's more important is how Williams reached that formulation. Williams explained in to a resulting battery. Penal Code Section 240 defines an assault as an unlawful attempt coupled with a present ability to commit a violent injury on the person of another. Now, Williams said that an assault is an act done toward the commission of a battery and must immediately precede the battery, and that an assault occurs whenever the next movement would, at least to all appearance, complete the battery. Assault lies on a definitional continuum of relation to battery. An assault is an incipient or inchoate battery. A battery is a consummated assault. A defendant is only guilty of assault if he intends to commit an act which would be indictable as a battery. As a result, a specific intent to injure is not an element of assault because the assaultive act by its nature subsumes such an intent. So, that's what led Williams to its formulation of 245's mens rea. Now, true, Williams did say that a defendant need not be subjectively aware of the risk that a battery might occur, but that's because it also said that the assaultive act is so intertwined with the resulting battery that the assaultive act, by its nature, subsumes an intent to injure. And the California Supreme Court's prior decision in Calentwano said the same thing. It said that, quote, the nature of the assaultive conduct itself contemplates physical force or injury, unquote. But I'm trying to focus on what the Supreme Court was talking about in Borden. The Supreme Court was interpreting the guideline, which I think is identical to the ACCA provision. And it requires that the conduct be targeted at another, correct? Directed or targeted at another. That's Borden's plurality reasoning, yes. And let's assume that I'm safer following four justices than one for the moment. Does California require such targeting? That's my question. In other words, the language in these cases really doesn't focus on targeting. And the language in the guideline focuses on can I read the California cases as requiring targeting or direction, which is what Borden said, what the guideline says we need. Yes, your honor. And particularly when you look at the language in Williams that led up to its formulation of 245 mens rea. I mean, again, it said that it's basically, it's so connected and it's so close to the resulting battery that that's why that they don't require subjective apprehension of the risk of the resulting injury is because the act itself is so violent and so closely related to the resulting battery that it's just, it, it subsumes the intent to commit the resulting battery. And, and look, that's not to say that, and that's what led this court in Heron Salinas, Grajeda and Vasquez Gonzalez to conclude that, look, this court's interpretation of Williams is that it just, when you boil it down, requires an intent to commit a battery. And look, that's not to say that 245 mens rea isn't kind of strange, but you know, it is really interesting way to formulate a mens rea for a statute like this. But the problem for defendant is that this court already concluded that it just boils down to an intent to commit a battery and an intent to commit a battery requires necessarily targeted conduct. Now, let me, let me, let me try a hypothetical on you. It'll be terrible. So you need, you don't need to tell me these are not the facts of this case. Let's assume I look out my office window and there's lots of people walking by. And I say, boy, it would be fun to throw a weight out the window. It might hit one of them, but it'll probably just scare one of them. I can't even tell who they are. I'm up too high. And I throw the weight out the window. Have I committed a battery? Yes, I think you have intended to commit a battery in the targeted way that the Borden's you know, and this is, I think where our interpretation of the Borden's of Borden's plurality reasoning parts way with the defendants. I mean, Borden simply required that, you know, that your con that you, you are reasonably certain that your conduct is going to result in the application of physical force against another person. You know, defendants you know, defendants, I guess, interpretation of Borden's plurality reasoning is that it requires not just against another, but also that you specifically intend injury against a particular person. But that's not what the plurality said. I mean, it merely said that you, you train your force in a way that is that is going to make you reasonably certain that physical harm or that physical force is going to be applied against the person of another. And so in your hypothetical, where you're throwing a stone out and you see people down below, I mean, even if you don't know any of the people below, even if you don't know which particular person it's going to hit, you still train force in a way that's targeted. So, so for, for those reasons, this course prior decisions in Heron Salinas, Grajeda and Vasquez Gonzalez made clear that 245 mens rea does require targeted force as Borden's plurality demanded. But, and my friend on the other side discussed some of the California Supreme, sorry, California Intermediate Court of the tactic that defendant is using, where he cites a string of unpublished California Intermediate Court of Appeal decisions to cast doubt on this court's interpretation of a Supreme Court decision in defining the conduct covered by a state crime. The state Supreme Court has the final say a footnote six of Vasquez Gonzalez said that this court follows the California Supreme Court when it's interpreting 245, even if other California sources conflict with the 864 F 3rd 1034 from 2017, where the defendant tried the same tactic. And the court said that because the California Supreme Court has the final say on interpreting a state crime, to the extent that the defendant has cited California courts of appeal, applying a California Supreme Court decision in a manner that conflicts with this court's interpretation of the California Supreme Court decision. This court will reject those court of appeal decisions as erroneous. And on top of that, the defendant mischaracterizes the majority of the cases that he cites in interpreting in 245 at the Intermediate Court of Appeal level. The court addressed, this court addressed at least two of defendant's cases, Wyatt and Aznavole in Jimenez Arzate, and concluded that they involve knowing not reckless conduct. And defendant cites other cases where he claims that the court of appeal affirms 245 convictions based on mere drunk driving. But this court specifically said in Grajeda that Williams doesn't allow a conviction for mere drunk driving. Now, I'd like to spend the rest of my time talking about our argument that Borden's plurality reasoning doesn't bind this court. Now that Well, before you do, isn't Justice Thomas's bottom line exactly the same as the majority's bottom line, even though he gets there differently? Doesn't he say it requires the acts be directed against another? And isn't that what the majority says, too? No, actually, what he says is that crimes involving recklessness cannot constitute the use of physical force against another because they don't involve intentional acts designed to cause harm. No, that's right, but I'm not sure. I'm not sure that his eventual holding is different than the majority's. He just gets there based on a different part of the statute. Don't they both require at the end, intentional acts directed against another? No, your honor. And in order to figure that out, you have to go to the reasoning that he incorporates from his Blasin descent. You know, he didn't merely cite Blasin in the course of a bigger explanation of his reasons. He said in his Borden concurrence that his Blasin descent, his reasons in his Blasin descent were his reasons for reaching his conclusion in Borden. And in the Blasin descent, he drew the distinction between a person's mens rea regarding the creation of force and his mens rea regarding the application of force. And he said, I agree with you, we're missing each other. At the end of the day, Justice Thomas says you can only satisfy this statutory requirement if your acts are directed against another. Correct? No, that's that's not correct. In the Blasin descent, he makes clear that you can actually have. Don't look at the Blasin descent. Look at AP. Those are his words on page 1835 of the Supreme Court opinion. He says he's fighting about the mens rea required for the acts, et cetera. He's not so sure that recklessness may or may not be enough. But he says the acts must be directed against another, doesn't he? I mean, I answer even though my time is up. Well, assuming that he says it, isn't that what the majority says, too? Again, in order to figure out what he means when he's talking about intentional acts designed to cause harm, though, you have to look at his Blasin descent reasoning. And in his Blasin descent reasoning, he actually specifically states that you can have a person who is who commits an intentional act or who intentionally creates force, but then recklessly applies that force against another. I mean, he specifically uses the words that you can intentionally create force, but then recklessly apply that force against another. And that still constitutes the use of physical force against another. Thank you. Thank you, Mr. Bala, Ms. Merchef. Sure. So I'm going to take, I think, you know, targeting and directing language from Borden is the test. But Borden actually states a number of ways, right? Borden says that the elements clause is satisfied by conduct that reflects a deliberate choice with full awareness of consequent harm, right? Conduct that has force as its conscious object. That simply cannot be squared with Williams' statement that a defendant does not have to be subjectively aware of the risk that a battery would occur. Borden says the elements clause is satisfied where a defendant makes a deliberate choice of wrecking harm on another. Whereas Williams makes clear that a defendant is guilty of assault, even if you subjectively believe that a battery is not going to result from his conduct. I think the language that's, that was tripping you up, Judge Hurwitz, is that natural and probable consequences. But again, I would redirect the court to 204 of Williams, which makes clear that that is an objective, reasonable person standard, just as Williams does when it states the test, when it says, in other words, actual facts that would make a reasonable person aware of the harm. I think that can't be scored with Borden, and that's why we're asking this court to vacate Mr. Hurwitz. I know you're running out of time, but let me just, you don't read Williams as requiring knowledge that what you're doing is directed at someone. Don't worry about the consequences for the moment. Yeah. My question is, doesn't Williams require that you know that your conduct is directed at someone? It requires that you know that there's a, but it's the use of force against a person, not just simply that there's another person, right? It's the targeted use. That your prohibited conduct, which is defined earlier, is actually directed at someone. That's the question that Borden raises, and here, it seems to me, I'm reading this phrase as saying that California does require that you acknowledge that your prohibited conduct is directed at someone. Why am I reading that wrong? I think that footnote that says, even if you honestly believe you are not going to commit a battery, you're still guilty of assault. That's right. I'm not worried about your subjective belief about whether it would hurt someone or not. What I'm worried about is whether California, as an element of its offense, requires that the prohibited conduct be directed at another, which is what the ACCA requires. And I read this language in Williams as saying it does, but that's why I'm, so we're missing each other there. I'm sorry. I think we are, because it's only that a reasonable person would have to realize that a battery is going to occur, right? Not that the defendant subjectively makes that. Right. A reasonable person would have to realize that a battery would occur, but doesn't this defendant have to have the knowledge that his conduct is directed at another person, whether or not he believes that a battery would occur? I think that assumes, right, like I think that the very fact that you are believing that a battery is not going to occur means you do not believe that you would use force against another person. Okay. All right. Are we, Judge Hurwitz, do you want to proceed this further? No, thank you. Thank you. You've both been very helpful. Yes. Thank you very much, counsel. United States versus Sanchez will be submitted. We'll take up Cousins.
judges: WARDLAW, Parker, HURWITZ